UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CORTEZ ROLAND DAVIS,

    Petitioner,                                       CASE NO. 2:16-CV-11671
                                                            HONORABLE NANCY G. EDMUNDS
v.                                                     UNITED STATES DISTRICT JUDGE

DEWAYNE BURTON,

    Respondent.
_____/

**OPINION AND ORDER DENYING AS MOOT THE PETITION FOR WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY**

Cortez Roland Davis, ("Petitioner"), presently confined at the Thumb Correctional Facility in Lapeer, Michigan, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. It is unclear whether petitioner is filing the petition *pro se* or with the assistance of counsel, Clinton J. Hubbell, who signed the petition. Petitioner seeks relief from the mandatory nonparolable life sentence that he received for his conviction for first-degree felony murder. For the reasons that follow, the petition for writ of habeas corpus is DENIED AS MOOT.

**I. Background**

Petitioner's case has been litigated for over twenty years in the state and federal courts. For purposes of this opinion, only a brief overview is needed.

Petitioner was charged with first-degree murder, armed robbery, assault with intent to commit armed robbery, and possession of a firearm in the commission of a felony, for an incident happening in Detroit, Michigan on December 14, 1993. Petitioner was sixteen

years old at the time of the offense, but was prosecuted and convicted as an adult. Although the trial judge initially sentenced petitioner to 10-40 years in prison, the judge was ordered by the Michigan Court of Appeals to re-sentence petitioner on the first-degree murder conviction to a nonparolable life sentence.

After petitioner exhausted his direct appeals and post-conviction review in the state courts, petitioner filed a petition for writ of habeas corpus, which was denied. *Davis v. Jackson,* No. 01-CV-72747, 2008 WL 1902102 (E.D. Mich. Apr. 30, 2008); *appeal dism.* No. 08-1717 (6th Cir. July 14, 2009).

Petitioner subsequently filed a second post-conviction motion for relief from judgment with the state courts, arguing that the mandatory nonparolable life sentence that he received for the first-degree murder conviction was cruel and unusual punishment because petitioner was a juvenile at the time of the offense and was not the actual shooter, but merely an accessory to the robberies. Petitioner based his claim on the Supreme Court's decision in *Miller v. Alabama,* 132 S. Ct. 2455 (2012), which held that a mandatory sentence of life imprisonment without parole for defendants who were under 18 years old when they committed their crimes violates the Eighth Amendment.

Petitioner's case ultimately ended up in the Michigan Supreme Court. The Michigan Supreme Court, in a consolidated appeal involving several defendants, rejected petitioner's post-conviction appeal, holding that *Miller* was not retroactive to criminal cases that became final prior to the United States Supreme Court's decision in *Miller. See People v. Carp,* 496 Mich. 440, 852 N.W.2d 801 (2014)(Kelly J., with Cavanagh and McCormack, JJ., dissenting); *reh'g denied sub nom. People v. Davis,* 497 Mich. 882, 854 N.W.2d 710 (2014).

Petitioner filed a petition for writ of certiorari with the United States Supreme Court. While the petition was pending, petitioner also filed with the United States Court of Appeals for the Sixth Circuit a motion seeking authorization pursuant to 28 U.S.C. § 2244(b)(3)(A) to file a second or successive habeas petition.

On March 7, 2006, the United States Supreme Court granted petitioner a writ of certiorari, vacated the judgment of the Michigan Supreme Court, and remanded the matter to that court for further consideration in light of the United States Supreme Court's holding in *Montgomery v. Louisiana,* 136 S. Ct. 718, 734 (2016), which held that *Miller* should be applied retroactively.

On April 25, 2016, the Michigan Supreme Court vacated petitioner's sentence for first-degree murder and remanded the matter to the trial court for re-sentencing, in conformity with the U.S. Supreme Court's holdings in *Montgomery* and *Miller. See People v. Davis,* No. 146819 (Mich.S.Ct. April 25, 2016).

On May 6, 2016, the Sixth Circuit granted petitioner permission to file a second or successive habeas petition, based on the Supreme Court's holding in *Montgomery. See In Re Davis*, No. 15-2281 (6th Cir. May 6, 2016). On or about May 10, 2016, petitioner filed the instant petition, although it is dated October 21, 2015, prior to the U.S. Supreme Court's granting of certiorari to petitioner. Petitioner claims that the mandatory nonparolable life sentence that he received for a crime that he committed when he was a juvenile violates the Eighth Amendment to the United States Constitution and the Supreme Court's holding in *Miller.* Petitioner asks this Court to vacate his nonparolable life sentence and order a re-sentencing.

## II. Discussion

3

The petition for writ of habeas corpus shall be dismissed because petitioner's claims are now moot.

Article III, § 2 of the United States Constitution requires the existence of a case or controversy through all stages of federal judicial proceedings. This means that, throughout the litigation, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990). When the issuance of a writ of habeas corpus would have no effect on a petitioner's term of custody, and would impose no collateral legal consequences, the habeas petitioner fails to present a justiciable case or controversy within the meaning of Article III of the Federal constitution. *See Ayers v. Doth,* 58 F. Supp. 2d 1028, 1034 (D. Minn. 1999). "[M]ootness results when events occur during the pendency of a litigation which render the court unable to grant the requested relief." *Carras v. Williams,* 807 F. 2d 1286, 1289 (6th Cir. 1986). Because it strikes at the heart of federal court jurisdiction, the mootness of a habeas petition can be raised *sua sponte* by the federal court, even if the issue is not addressed by the parties. *See Brock v. U.S. Dep't of Justice,* 256 F. App'x 748, 750 (6th Cir. 2007).

Petitioner's claims for relief are all based on his assertion that the mandatory nonparolable life sentence that he received for first-degree murder was unconstitutional because he was only a juvenile at the time of the offense and was only an aider and abettor. Petitioner asks this Court to vacate his life sentence and order a re-sentencing in the state courts. The Michigan Supreme Court, however, has already vacated petitioner's sentence for first-degree murder, based on the United States Supreme Court's ruling in their order granting petitioner's writ of certiorari, and has remanded the matter to the trial

court for petitioner to be re-sentenced. The Michigan Supreme Court's decision to vacate petitioner's life sentence and order his re-sentencing in conformance with the United States Supreme Court's holdings in *Miller* and *Montomery* thus moots petitioner's sentencing claims. *See Hill v. Sheets,* 409 F. App'x 821, 824-25 (6th Cir. 2010).

### III. Conclusion

The Court dismisses the petition as moot.

28 U.S.C. § 2253 governs appeals in § 2254 proceedings. Section 2253(c)(2) states, in pertinent part: "A certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." *See also Lyons v. Ohio Adult Parole Auth.*, 105 F. 3d 1063, 1073 (6th Cir. 1997). Furthermore, Fed. R. App. P. 22(b) states: "If an appeal is taken by the applicant, the district judge who rendered the judgment shall either issue a certificate of appealability or state the reasons why such a certificate should not issue." *See also Kincade v. Sparkman*, 117 F. 3d 949, 953 (6th Cir. 1997). "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254; *See also Strayhorn v. Booker,* 718 F. Supp. 2d 846, 875 (E.D. Mich. 2010). Petitioner is not entitled to a certificate of appealability because his request for habeas relief is now moot. *See McKinney-Bey v. Hawk-Sawyer,* 69 F. App'x 113 (4th Cir. 2003).

### IV. ORDER

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is **DENIED AS MOOT.**

IT IS FURTHER ORDERED that a certificate of appealability is **DENIED**.

s/ Nancy G. Edmunds<br>
**HON. NANCY G. EDMUNDS**<br>
UNITED STATES DISTRICT COURT

Dated:<u>May 19, 2016</u>